**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**
**CIVIL CASE NO: 04-174-DLB**


PATRICIA ELLIOTT,                                                    PETITIONER,

V.

METROPOLITAN LIFE INSURANCE CO.,                      RESPONDENT.


## REPORT & RECOMMENDATION

On December 13, 2006, petitioner Patricia Elliott filed a motion for reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).  Respondent Metropolitan Life Insurance Company filed a response on January 2, 2007.   This matter has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation.  *See* 28 U.S.C. § 636(b).

### I.  Background

The facts of this case were recently summarized by the Sixth Circuit Court of Appeals, a portion of which is repeated here for the convenience of this court:

> Elliott was injured severely in a car accident in 1989. At that time, she suffered significant fractures of her second and third cervical vertebrae. Soon after, she underwent stabilization and spinal surgery, which involved the placement of metallic wires in her neck. In 1993, Elliott began working for Great American Financial Resources and joined the company's employee benefit plan, which MetLife administers.

> In October 2002, Elliott began experiencing renewed pain related to the 1989 accident, including radiating shoulder pain, numbness, and burning sensations.

1

>She saw several physicians, beginning with Dr. Charles Kuntz of the University
>of Cincinnati's Mayfield Clinic. In early 2003, Elliott began receiving short-term
>disability benefits, after Dr. Kuntz submitted a form to Great American certifying
>that she could not perform work of any kind. While on short-term disability in
>early 2003, Elliott visited several physicians and had numerous studies conducted.
>None could explain with precision why Elliott's symptoms had reemerged.

*Elliott v. Metropolitan Life Ins. Co.*, 473 F.3d 613, 615 (6th Cir. 2006). Eventually, petitioner

sought long-term disability benefits. MetLife denied her claim on December 1, 2003, on the

basis that her medical documentation did not "support a condition of a severity that would

prevent you from working" but without any other reasoned explanation. *Id.* Petitioner

appealed, submitting with her appeal a letter from Dr. Alex Schneider which opined that

petitioner's ability to work was significantly limited by her "chronic pain syndrome and spinal

cord injury that is exacerbated by spending any length of time on her feet or sitting in a single

position for any length of time." *Id.* at 616. The respondent employed Dr. Robert Menotti to

review petitioner's file on appeal. Dr. Menotti opined that petitioner appeared able to perform

"sedentary" work. The respondent thereafter denied petitioner's appeal on the basis that "[t]here

was no indication that your condition caused impairments which that would have prevented your

[sic] from performing the duties of your job." *Id.* However, the denial contained no reasoning

and made no specific mention of petitioner's condition or her ability to perform the actual duties

of her work.

Petitioner brought this ERISA action against MetLife for wrongful denial of benefits

pursuant to 29 U.S.C. § 1132(a)(1)(B). This court initially granted the respondent's motion for

judgment, concluding that the denial of benefits was not arbitrary and capricious. The Sixth

Circuit Court of Appeals reversed and remanded to this court, with instructions to further remand

2

to MetLife "for a full and fair inquiry" after concluding that the respondent's denial of benefits was arbitrary and capricious.  The appellate court specifically determined that the respondent had not made a "deliberate, principled, and reasoned decision" when it denied the petitioner's claim. *Id.* at 618.  The Sixth Circuit held that both on initial review and on appeal, the respondent failed to apply the medical evidence to the occupational requirements of petitioner's work, and instead simply recited medical terminology used by various physicians. The court noted that Dr. Menotti did not perform the appropriate inquiry because he only determined whether petitioner could perform "sedentary" work without discussion of whether petitioner could perform the actual duties of her employment.

Rather than awarding the petitioner benefits outright, the Sixth Circuit vacated the judgment of this court and remanded for further review.  In accordance with the mandate from the Sixth Circuit, this court has remanded the proceedings to the respondent-administrator for further review of petitioner's claim.  The appellate court noted that although the respondent had not provided an adequate rationale for denying petitioner's claim, neither had the petitioner provided clear medical evidence demonstrating "[j]ust how much [her] limitations would affect her ability to work." *Id.,*  473 F.3d at 622.  In other words, a future denial of benefits remains a possibility following an appropriate full and fair review of the claim. The court noted that both MetLife and petitioner would be "well advised to pursue appropriate medical data relating Elliott's undeniable medical limitations to the demands of her occupation" upon further review. *Id.* at 623.

Following remand to the administrator, petitioner moved this court for an award of attorney's fees.

## II. Analysis

Petitioner claims that she is entitled to an award of attorney's fees as the prevailing party in this matter.  29 U.S.C. § 1132(g) permits a court to award attorney's fees to any "participant, beneficiary, or fiduciary."  A fee award is to be made only in the exercise of a court's discretion; the Sixth Circuit has rejected a presumption of awarding attorney's fees to prevailing parties under ERISA.  *Armistead v. Vernitron Corp.,* 944 F.2d 1287, 1302-03 (6th Cir.1991).

Rather than relying on "prevailing party" status alone, the Sixth Circuit has directed trial courts to employ the five-factor test set forth in *Secretary of Dep't of Labor v. King,* 775 F.2d 666, 669 (6th Cir. 1985)  to determine whether a party is entitled to a fee award under ERISA. The relevant factors include:

> (1) the degree of the opposing party's culpability or bad faith;

> (2) the opposing party's ability to satisfy a fee award;

> (3) the deterrent effect of a fee award on others under similar circumstances;

> (4) whether the party requesting the fee sought to confer a common benefit on all ERISA plan participants and beneficiaries or sought to resolve a significant legal question regarding ERISA; and

> (5) the relative merits of the parties' positions.

No single factor is dispositive, and courts are directed to consider each factor in making a decision. *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir.1998).

In this case, an examination of the first factor neither favors nor disfavors an award of fees.  Although a finding that an administrator's denial of benefits was arbitrary and capricious can be an indication of culpability, *see Calvert v. Liberty Life Assur. Co. of Boston*, 2005 WL 1994874 (W.D.Ky., 2005), such a ruling does not in itself prove culpability or bad faith.

*Heffernan v. UNUM Life Ins. Co. of America*, 101 Fed.Appx. 99, 109 (6th Cir. 2004).  Here, the Court of Appeals remanded because there was not sufficient evidence that respondent had denied petitioner benefits to which she was clearly entitled. Similarly, in *Pikulas v. Daimler Chrysler*, 397 F. Supp.2d 883 (E.D. Mich. 2005)*, the court held that where a defendant's arbitrary and capricious decision was based on a lack of rationale, there was no bad faith. *Id.,* at 893-94.

With regard to the second factor, the respondent has the ability to pay the award but this alone does not justify an award of attorney's fees. *Krupp v. Metropolitan Life Ins. Co.,* 174 F.Supp.2d 545, 548 (E.D.Mich., 2001) (citing *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 937 (6th Cir.1996)).

The third factor examines the deterrent effect of an award of attorney's fees on similarly situated parties. An award of attorney's fees can provide deterrence to prevent similar decisions by other plan administrators, and discourage erroneous decisions contrary to established case law.  However, when there is little evidence of bad faith, "there is no reason to seek deterrence beyond that which comes with holding defendants liable."  *Marchant v. Faurecia Exhaust Systems, Inc.*, 411 F.Supp.2d 834 (S.D. Ohio, 2005) (*citing Armistead v. Vernitron Corp.,* 944 F.2d 1287, 1302-03 (6th Cir. 1991)). Because there is no substantial evidence that Respondent acted in bad faith, an award of attorney's fees is not necessary to deter future conduct.

The fourth factor does not aid petitioner because she is neither seeking to confer a common benefit to a large group nor to resolve a significant legal issue regarding ERISA. *See Krupp v. Metropolitan Life Ins. Co*. 174 F.Supp.2d 545, 548 (E.D.Mich., 2001) (*citing Schwartz v. Gregori*, 160 F.3d 1116, 1121 (6th Cir.1998)).  Similarly, the fifth factor does not significantly favor an award of fees because the merit of petitioner's position in this case does

5

not significantly outweigh the respondent's position.  As discussed above, the Court of Appeals did not find that petitioner was clearly entitled to benefits and therefore she does not hold a significant advantage over respondent in this matter.

Viewing all five factors in totality leads to the conclusion that the petition for the award of attorney's fees should be denied.  Because the court has concluded that no award of fees is warranted, it is unnecessary to further examine the reasonableness of petitioner's claim for $38,000.00 as a fee award.

### III.  Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT** the petitioner's motion for attorney's fees [DE # 34] be **denied**.

**OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). A party must file a response to another party's objections within ten (10) days after being served with a copy. Fed. R. Civ. P. 72(b).

This the 1st day of March, 2007.

Signed By:

*J. Gregory Wehrman*

United States Magistrate Judge