**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON**

**CIVIL ACTION NO. 04-174-DLB**

**PATRICIA ELLIOTT**                                                                 **PLAINTIFF**

**vs.**                               **MEMORANDUM ORDER**

**METROPOLITAN LIFE INSURANCE CO.**                               **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I.   INTRODUCTION

This matter is now before the Court upon Plaintiff's Motion for Fees (Doc. # 34) in which Plaintiff seeks reasonable attorney fees and costs associated with both the district court and circuit court phases of this matter. Defendant filed a Response to Plaintiff's Motion for Fees (Doc. # 36). Thereafter, the matter was referred to Magistrate Judge Werhman for a Report and Recommendation ("R&R") on Plaintiff's motion. Following the Magistrate Judge's R&R (Doc. # 40), which recommended the denial of Plaintiff's motion, Plaintiff filed Objections (Doc. # 42) and Defendant filed a Response to Plaintiff's Objections (Doc. # 43). Therefore, this matter is ripe for the Court's review.

## II.   PROCEDURAL BACKGROUND

In this ERISA action for long-term disability benefits, this Court originally entered judgment in favor of Defendant, ruling that the plan administrator's decision to deny benefits was not arbitrary and capricious in that it was rational in light of the plan's provisions. On appeal, the Sixth Circuit reversed, holding that the administrator's decision

was not principled and reasoned in that it failed to provide sufficient explanation as to Plaintiff's condition in relation to her "own occupation" and failed to adequately refute the opinions of Plaintiff's treating physician. The Sixth Circuit vacated the lower court opinion and ordered that the case be remanded to the administrator for a "full and fair inquiry." *Elliott v. Metropolitan Life Ins. Co.*, 473 F.3d 613, 623 (6th Cir. 2006). Plaintiff is now seeking, as the "prevailing party," fees and costs related to the litigation of this matter before this Court and the Sixth Circuit.

### III. ANALYSIS

#### A. Arguments of the Parties

In response to the Magistrate Judge's R&R, which this Court reviews *de novo* pursuant to FRCP 72(b), Plaintiff has filed objections arguing that the R&R failed to "properly apply each [*King*] factor independently" before issuing the recommendations. Plaintiff contends that when analyzed correctly, "the proper legal and equitable result is for the Court to grant [Plaintiff's] motion." In the end, Plaintiff concludes that "the entire litigation was necessitated by MetLife's failure to provide a full and fair review."

The crux of Defendant's argument is that the Sixth Circuit did not actually award benefits to Plaintiff in this case, but instead *merely* remanded to the administrator. Defendant asserts that because the denial decision was adjudicated incomplete by the Sixth Circuit rather than necessarily incorrect, ergo the remand, Plaintiff did not technically "prevail" and fees are not appropriate under the circumstances. On the other hand, Plaintiff essentially maintains that, "while not determinative in a fee petition," she is the "prevailing party" and therefore a fee award is appropriate.

Defendant's argument that Plaintiff did not "prevail" to at least some degree is questionable because of the rather significant hurdle that the "arbitrary and capricious" standard represents to plaintiffs and the reality that the failure to provide a reasoned denial necessitated the litigation and attendant fees in question. Furthermore, when taken in the context of the Sixth Circuit's specific determination in this case and the reasoning for its disposition, Defendant's position becomes even less persuasive. The ultimate determination of the Sixth Circuit was a finding that MetLife's denial was "'arbitrary and capricious' for want of a deliberate, principled reasoning process." *Elliott*, 473 F.3d at 622-23. It is clear, however, that the ultimate *disposition* was not based purely on the merits determination.

In other words, remand was ordered not because the Sixth Circuit believed the record failed to warrant benefits, but rather, because the Sixth Circuit did not believe it was in the position to determine benefits, which likely stemmed in part from Defendant's failure to provide a "reasoned" denial explanation (i.e., it is difficult to for a court to determine that benefits are "clearly" warranted when it is unable to decipher why the administrator denied benefits in the first place). *See id.* at 622. In explaining its decision to remand, the Sixth Circuit stated that: "Such a remedy will allow for a proper determination of whether, in the first instance, Elliot is entitled to long-term disability benefits." *Id*. The court further explained that it was unable to say that "Elliot is clearly entitled to benefits" because they are "not medical specialists and that judgment is not [theirs] to make." *Id.* at 623.

Accordingly, the opinion of the Sixth Circuit demonstrates that the decision to remand was based largely on the inability and general reluctance of the court to reach a "clear" benefits determination rather than a sentiment that benefits were not necessarily

warranted, especially given the unreasoned denial. As such, the significance of the Sixth Circuit's disposition in this case – i.e., remand vs. awarding of benefits – to this Court's determination of fees is negligible, or at least does not weigh against fees. Regardless, Plaintiff is undoubtedly the prevailing party in this instance as the standard attached to Defendant's decision was arbitrary and capricious – a standard it did not meet.

### B. Weighing the Five *King* Factors

However, as Defendant points out, the "prevailing party" approach of Rule 54(d) is not utilized by the Sixth Circuit as the sole factor in adjudicating a fee petition. Instead, the Circuit follows a five-factor balancing test to determine when a fee award is appropriate. *See Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). This *King* test takes into account:

(1) the degree of the opposing party's culpability or bad faith;
(2) the opposing party's ability to satisfy an award of attorney's fees;
(3) the deterrent effect of an award on other persons under similar circumstances;
(4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and
(5) the relative merits of the parties' positions.

*Id.*; *see also Maurer v. Joy Techs., Inc.*, 212 F.3d 907, 919 (6th Cir. 2000). No single factor is dispositive, and courts are generally directed to weigh each factor in making the fee determination. *See Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998). To that effect, district courts are given broad discretion in awarding fees in ERISA actions and there is no presumption that fees will be awarded. *See Maurer*, 212 F.3d at 919. In the case *sub judice*, it is the judgment of this Court that a fee award is warranted as dictated by the *King* factors.

**1. Culpability or Bad Faith**

In examining both the Sixth Circuit's opinion and the oral argument transcript, it is evident that there was some culpability attached to Defendant in this case; whether this rises to bad faith is unclear and not a necessary determination under the circumstances. There is a distinction between culpability or bad faith, as evidence by the inclusion of both terms and the presence of "or," but Defendant focuses almost exclusively on an alleged lack of bad faith in arguing that this factor does not weigh in favor of Plaintiff. However, the Court agrees with Plaintiff that, despite any direct evidence of bad faith or an award of benefits, some level of culpability (i.e., blame) is necessarily attributed to Defendant by the Sixth Circuit.

As discussed *supra*, the Sixth Circuit's decision questioned several aspects of Defendant's denial process, including an exclusively paper review by a general practitioner in Defendant's continual employ (*id.* at 620-21), the failure to account for or rebut the opinion of Plaintiff's treating physician (*id.* at 619-20), and the conflict of interest under which MetLife was operating (*id.* at 621). In fact, the Sixth Circuit found, after dissecting the individual errors and omissions of Defendant's decision-making process, that "[n]othing else in MetLife's second denial provides any indication that MetLife engaged in a principled reasoning proecss." This reality evinces culpability on Defendant's part and the level of culpability as decided by the Sixth Circuit, although perhaps falling short of bad faith, is not insignificant. *See Moon v. Unum Provident Corp.*, 461 F.3d 639, 643-44 (6th Cir. 2006) (reversing the district court and weighing the culpability factor in favor of petitioner where the administrator's physician was under defendant's employ and conducted only a paper review that failed to take into account treating physicians' opinions).

### 2. Ability to Satisfy Award

There is no dispute as to MetLife's ability to pay fees in this case. This factor, therefore, necessarily weighs in favor of a fee award or at least does not weigh against assessing fees upon Defendant. As Defendant is quick to point out, however, this factor is clearly not dispositive by itself and must be weighed alongside the remaining *King* factors in determining the merits of a fee award. *See Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 557-58 (6th Cir. 1987).

### 3. Deterrent Effect

Even though the Sixth Circuit did not award benefits to Plaintiff, requiring a remand to the administrator is already a form of specific deterrence upon MetLife. Additionally, overcoming the arbitrary and capricious standard, which is rare indeed, provides a general deterrent effect to other insurance companies that the law will be enforced and that erroneous or incomplete decisions, and especially blind denials, will not be taken lightly. However, even with the inherent deterrent effect that comes with any plaintiff's ruling, there is also something to be said for the heightened deterrent effect resulting from a fee award. Companies would likely take a much closer look at denial decisions, and the presentation of that decision, if forced to take into account the possibility that fees will be awarded upon remand.

The potential deterrent effect from a fee award in this case notwithstanding, the third factor does not weigh heavily in favor of a fee award simply because there is no evidence that Defendant acted in bad faith. *See Foltice v. Guardsman Prods.*, 98 F.3d 933, 937 (6th Cir. 1996) ("The third factor - - the deterrent effect of a fee award on other plan

administrators - - is one that is likely to have more significance in a case where the defendant is highly culpable than in a case such as this one.").

### 4. Common Benefit

Although there is no evidence that Plaintiff originally brought her ERISA action in an attempt to confer a common benefit upon other participants or beneficiaries of an ERISA plan, Plaintiff contends that she "sought to resolve an issue of law regarding what constitutes a full and fair review under ERISA." The fourth *King* factor, which asks not only whether a common benefit was conferred but also whether issues of law were sought to be resolved, is difficult to assess under the circumstances. The law at issue on appeal is well-settled generally speaking, but the decision by the Sixth Circuit to publish the opinion, upon Plaintiff's motion, provides new guidance to administrators, as well as claimants, as to what constitutes a "full and fair inquiry" in the ERISA context.

In fact, when Defendant first filed its response to Plaintiff's fee petition, the appellate opinion was not scheduled for publication because the Sixth Circuit initially designated the opinion as unpublished. Defendant concluded its argument on the fourth *King* factor with the contention that "the fact that the Sixth Circuit designated its opinion 'not to be published' demonstrates that this is a run-of-the-mill case of no great legal significance." By Defendant's logic, the decision by the Sixth Circuit to now publish the case is an indication that the opinion is of some legal import. Regardless, even though it remains difficult to assess to what extent the fourth factor would weigh in favor of a fee award, if at all, this factor certainly does not weigh against an award under the Court's analysis.

**5.     Merits**

Despite Defendant's attempts to argue this factor to a draw, including the mention of this Court's original decision finding in favor of Defendant, the reality remains that the Sixth Circuit remanded the decision of the administrator under an arbitrary and capricious standard. It is certainly legitimate to maintain that both parties had defensible positions, but it is by difficult to contend that Plaintiff's position was not with greater merit when the Sixth Circuit determined just that. The Sixth Circuit may not have awarded benefits, but as outlined previously, the Sixth Circuit's opinion addressed several areas or aspects of the administrator's review that were troublesome. The end result was a finding that "MetLife's decision-making process was neither deliberate nor based on reasoning" and as such, "its determination in this matter was arbitrary and capricious."

The inquiry called for by the "merit" factor of the *King* analysis is not solely whether one party's position was without merit (this would be covered by the "bad faith" factor) or even whether one party's position was significantly more meritorious. The inquiry is focused on the "relative merits of the parties." *King*, 212 F.3d at 919; *see also Foltice*, 98 F.3d at 938-39 (agreeing with the district court that the merits were so comparable that the factor did not weigh in favor of either party, but only because the district court's merits analysis was incorrectly skewed in the petitioner's direction). Therefore, this factor effectively incorporates the traditional "prevailing party" rule for fee petitions, while also asking to what degree did a party prevail.

Here, as previously established, Plaintiff was the prevailing party on appeal, regardless of whether she prevailed to the full extent (i.e., awarding of benefits). Furthermore, this factor weighs in favor of Plaintiff perhaps more than any other simply

because the Sixth Circuit did not merely remand for a basic failure to provide a reasoned explanation, but instead the court was critical of the administrator's decision on several grounds, concluding that, in totality, "MetLife's decision cannot withstand scrutiny." *Elliott*, 473 F.3d at 621.

Finally, as detailed at the outset, the Sixth Circuit's decision to remand rather than award benefits was not necessarily a reflection on the overall merits of the case. Defendant argues that a remand simply constitutes a search for more information and not a commentary on the merits. However, the proverbial battle in ERISA cases is commonly a battle for either benefits or remand. Remand is not a rarely invoked procedural maneuver in ERISA actions, but rather is the norm relative to awarding benefits when the rare claimant overcomes the arbitrary and capricious standard. As such, the Sixth Circuit's reluctance to enter into a benefits analysis does not, as suggested by Defendant, mitigate the meritorious nature of Plaintiff's position relative to Defendant.

## IV. CONCLUSION

The Court concludes that the totality of the *King* analysis under the circumstances of this case, weighing all factors from equipoise, favors a fee award in favor of Plaintiff. In accordance with the foregoing analysis, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that:

(1) Plaintiff's Objection to the Magistrate's Report and Recommendation (Doc. # 42) be, and hereby is, **sustained**;

(2) The Report and Recommendation (Doc. # 40) be, and hereby is, **rejected**;

(3) Plaintiff's Motion for Reasonable Attorneys' Fees and Costs (Doc. # 34) be, and hereby is, **granted in part** as to the issue of whether awarding fees is appropriate;

(4) This matter is **referred to Magistrate Judge Wehrman** for a report and recommendation on the reasonableness of Plaintiff's fees and costs.

This 29th day of May, 2007.

Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\ORDERS\Cov04\04-174-Elliott (Fees).wpd